1 **WO**                                                                                          KM

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Fernando Rodriguez,                    )    No. CIV 06-730-PHX-MHM (ECV)
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11  vs.                                     )
                                           )
12                                          )
    Joe Arpaio,                             )
13                                          )
                Defendant.                  )
14                                          )
                                            )
15  ─────────────────────────────────

16

17          On March 14, 2006, Plaintiff Fernando Rodriguez, formerly confined in the Maricopa

18  County Durango Jail, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant

19  to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("Application to

20  Proceed").

21  **Returned Mail**

22          On March 14, 2006, the Court filed a Notice Of Assignment ("Notice"), which

23  assigned this action to the undersigned Judge.  A copy of the Notice was mailed by the Clerk

24  of Court to Plaintiff at his last known address at the Durango Jail on March 14, 2006.  On

25  March 23, 2006, the Notice of Assignment was returned to the Court as undeliverable.

26  Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court

27

28

1   of his whereabouts.  Accordingly, the Clerk of the Court has been unable to remail the copy
2   of the Notice to Plaintiff.[1]

3        Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant
4   comply with the instructions attached to the Court-approved Complaint form.  Those
5   instructions state: "You must immediately notify the clerk ... in writing of any change in your
6   mailing address.  Failure to notify the court of any change in your mailing address may result
7   in the dismissal of your case."  (Information and Instructions for a Prisoner Filing Civil
8   Rights Complaint at 2).

9        Also, in its Notice the Court warned Plaintiff that "[f]ailure to comply with the
10  following rules will result in your document being STRUCK and/or your case being
11  DISMISSED."  (Notice at 1).  One of the rules listed was that "[y]ou must file a Notice of
12  Change of Address if your address changes."  (Notice at 1).

13  **Failure to Prosecute**

14       Plaintiff has the general duty to prosecute this case.  Fidelity Philadelphia Trust Co.
15  v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the
16  duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her
17  current address, and to comply with the Court's orders in a timely fashion.  This Court does
18  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
19  the burden of keeping the court apprised of any changes in his mailing address."  Carey v.
20  King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of
21  his new address constitutes failure to prosecute.

22       Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
23  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
24  move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
25  (1962), the Supreme Court recognized that a federal district court has the inherent power to

26  _____

27       [1]The website of the Maricopa County Sheriff does not show Plaintiff as being in the current
    custody of the Maricopa Sheriff.  Also, the website of the Arizona Department of Corrections
28  (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

1    dismiss a case <u>sua</u> <u>sponte</u> for failure to prosecute, even though the language of Rule 41(b)

2    of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,

3    in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

4    without notice or hearing.  <u>Id.</u> at 633.

5         In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

6    the Court must weigh the following five factors: "(1) the public's interest in expeditious

7    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

8    the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

9    availability of less drastic sanctions."  <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v.</u>

10   <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the

11   imposition of sanctions in most cases, while the fourth factor cuts against a default or

12   dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

13   <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

14        Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

15   to keep the Court informed of his address prevents the case from proceeding in the

16   foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor

17   requires the Court to consider whether a less drastic alternative is available.  Without

18   Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in

19   <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing

20   sanctions would only find itself taking a round trip tour through the United States mail." 856

21   F.2d at 1441.

22        The Court finds that only one less drastic sanction is realistically available.  Rule

23   41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

24   merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

25   the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint

26   and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the

27   Federal Rules of Civil Procedure.

28   . . .

1      **IT IS THEREFORE ORDERED** that the "Civil Rights Complaint By A Prisoner"

2    (Document #1) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Rule

3    41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of the

4    Court is DIRECTED to ENTER JUDGMENT accordingly.

5      DATED this 19th day of May, 2006.

6

7

8    _____

9                     Mary H. Murgula
                 United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28